IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MICHELLE WALKER,    )
f/k/a Michelle Esquivel,    )
            )
      Plaintiff,  )
            )
v.           )  No.  08-1221-WEB
            )
AARON T. WATTERS, M.D.,   )
            )
      Defendant. )
_____)

**<u>Memorandum and Order</u>**

Plaintiff Michelle Walker filed this action for damages alleging medical malpractice
against defendant Aaron Watters, M.D.  Doc. 1.  Federal jurisdiction is based upon diversity of
citizenship between the parties.  *See* 28 U.S.C. § 1332.  The matter is now before the court on the
defendant's motion to stay or to dismiss the action.  For the reasons stated below, defendant's
request to stay the action will be granted.

  I. *Background*.

According to the facts alleged in the motion, which plaintiff has not disputed in her
response, the complaint involves the same claim as a lawsuit filed in December 2003 in the
District Court of Cowley County, Kansas.  Doc. 12, Exh. A.  Both the state and federal actions
are based upon the death of infant Jadon Esquivel on March 3, 2002.  In the state action, Jesse
and Michelle Esquivel, the parents of the deceased infant, brought a wrongful death claim.  In
addition, the Estate of Jadon Esquivel asserted a survivorship claim.  The only remaining
defendant in the state case is Dr. Watters.  In this federal action, Michelle Walker (formerly
Michelle Esquivel) is the sole plaintiff, and Dr. Watters is the sole defendant.  The wrongful
death claim in this action is the same as the wrongful death claim in the state action.  The Estate

of Jadon Esquivel is not a plaintiff in the federal action, apparently because its presence would destroy diversity jurisdiction.

The state court action, which has been pending for nearly five years, is ready for trial. *See* Doc. 12, Exh. E.  The parties have completed discovery in the state action (with the exception of one deposition); participated in an April 2005 settlement conference; filed and been heard on motions in limine; and filed and been heard on summary judgment motions.[1]  Trial is scheduled to begin in state court in January of 2009.

On July 24, 2008, plaintiff filed the instant federal action.  The following day, Jesse and Michelle Esquivel filed a motion to voluntarily dismiss the state action, but the motion was subsequently denied by the state district court.  Plaintiffs then filed a petition for writ of mandamus with the Kansas Supreme Court.  That petition is now pending before the Kansas Supreme Court.

II.  *Discussion*.

Defendant moves to stay the federal proceedings pending resolution of the state case, citing both the *Younger* abstention doctrine and the *Colorado River* doctrine.  *See Younger v. Harris*, 401 U.S. 37 (1971); *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976).  In the alternative, defendant argues the federal case should be dismissed.  Docs. 11, 12.  Plaintiff agrees the federal case should be stayed, but argues dismissal of the action would be inappropriate.  Doc. 15.

---

[1] The state district court previously granted summary judgment to the three defendants named in the state action, including Dr. Watters.  Doc. 12, Exh. B.  The summary judgment in favor of Dr. Watters was reversed by the Kansas Supreme Court on May 23, 2008.  *See Esquivel v. Watters,* 183 P.3d 847 (Kan. 2008).

The *Colorado River* doctrine controls the question of whether a federal district court should stay or dismiss a federal suit pending resolution of a parallel state proceeding.[2] *Rienhardt v. Kelly*, 164 F.3d 1296, 1302 (10th Cir. 1999).  Generally, as between state and federal courts, the rule is that "the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction...."  *Colorado River*, 424 U.S. at 817 [citation omitted].  This stems from the premise that federal courts have a "virtually unflagging obligation" to exercise the jurisdiction given them.  *Id.*  There are exceptional circumstances, however, when considerations of "[w]ise judicial administration giving regard to conservation of judicial resources and comprehensive disposition of litigation" can overcome the obligation to exercise jurisdiction.  *Id*. at 818.  Factors that may be considered include the inconvenience of the federal forum; the desirability of avoiding piecemeal litigation; the order in which jurisdiction was obtained by the concurrent forums; and the progress or lack thereof in the respective forums.  *Id*. at 818, 820.  No one factor is necessarily determinative, and the court must take into account both the obligation to exercise jurisdiction and the combination of factors counseling against that exercise.  *Id.*

Insofar as piecemeal litigation is concerned, the state litigation is somewhat broader in scope than the instant case, and thus presents less of a likelihood for piecemeal litigation.  On the other hand, there is no indication that the federal forum would be a significant inconvenience to the parties.  As for the timing of the two suits, the state forum was selected by the plaintiff nearly five years ago and proceedings in that court have progressed far beyond the federal action.  The

---

[2] There appears to be no dispute here that the state proceeding constitutes parallel litigation – that is, the two suits involve substantially the same parties litigating substantially the same issues.  *See Allen v. Board of Education*, 68 F.3d 401, 403 (10th Cir. 1993).

state court has already heard numerous pretrial matters, including motions in limine, and has scheduled the matter for trial in January of 2009.  The exercise of jurisdiction by the federal court at this point would result in a substantial waste of judicial resources and would lead to a substantial duplication of efforts in this forum.  The litigation involves no federal rights and is premised solely upon rights arising under Kansas law.  Also, the state forum appears fully adequate to promptly and completely resolve the issues between the parties.  The court concludes that exceptional circumstances here outweigh the heavy presumption in favor of exercising federal jurisdiction, and justify a stay of this action pending resolution of the parallel state action.  The court finds that dismissal of the federal action is not appropriate.  *Cf. Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 718 (noting the Court has never sanctioned outright dismissal of actions for damages under an abstention theory).

III.  *Conclusion*.

Defendant Watters' Motion for Stay (Doc. 11) is GRANTED.  Defendant's alternative request for dismissal is DENIED.   The action is hereby STAYED pending resolution of the parallel state proceeding in Cowley County District Court.  IT IS SO ORDERED this 18th   Day of November, 2008, at Wichita, Ks.

s/Wesley E. Brown
Wesley E. Brown
U.S. Senior District Judge